# Britnell *v.* Smith.

## *Assumpsit.*

(Decided November 7, 1914. 66 South. 569.)

1. *Bills and Notes; Transfer by Surety; Re-issue; Effect.*—Where a note was transferred to the surety without recourse, and was re-issued by them by endorsement without recourse in law and equity, such sureties were relieved from any liability in favor of the endorsee or those claiming under him.

2. *Same; Liability of Maker.*—The liability of a maker of a note was not affected by the fact that it was transferred to sureties who did not pay it, but merely endorsed it to a third person without recourse on them in law or in equity.

3. *Principal and Surety; Discharge; Release by Co-Surety.*—Where a note had three sureties, and was transferred to two of the three who re-issued the same by endorsement without recourse in law and equity, the remaining surety was also relieved from liability to the endorsee or those claiming under him, since the character of his obligation was thereby materially changed.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by B. F. Britnell against W. D. Smith and others. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Transferred from Court of Appeals.

G. O. CHENAULT, for appellant.

D. C. ALMON, W. T. LOWE, and CALLAHAN & HARRIS, for appellee.

DE GRAFFENRIED, J.—On December 1, 1910, W. D. Smith, M. V. Coffey, A. J. Montgomery, and T. D. Yarbrough made a note to the Bank of Moulton for $231.18. The Bank of Moulton transferred, for value, without recourse, the note to Long. Long transferred the note, for value, without recourse, to A. J. Mont-

gomery and M. V. Coffey, two of the makers of the
note. A. J. Montgomery and M. V. Coffey transferred
the note to E. B. Downing, "without recourse on us
in law or equity." Downing transferred the note to
the plaintiff. W. D. Smith was the principal on said
note, and Coffey, Montgomery, and Yarbrough were
sureties only. But for the fact that when A. J. Mont-
gomery, and M. V. Coffey assigned the note they did
so without recourse on them either "in law or equity,"
we might be able to hold (but this we in no way de-
cide) that the note was after this assignment binding
on all the parties.

The reissuance of the note was, however, with the
stipulation that Montgomery and Coffey were not to
be liable thereon. As Downing was of a mind to take
it upon these conditions, they are, of course, binding on
him.—*Wilkerson v. Daniels,* 1 G. Greene (Iowa) 179.

Were we to hold that the reissuance of the note op-
erated to hold Montgomery and Coffey as makers, we
destroy all meaning to the indorsement "without re-
course in law or in equity." A promissory note is a
joint and several obligation of its makers, and if, when
Downing bought the note, Montgomery and Coffey
transferred an obligation on which they remained after
the indorsement, jointly and severally liable to pay
money, then they did an absurd and useless thing when
they indorsed the note without recourse on them. The
effect of their indorsement was, however, to destroy
their liability on the note, and, when they so indorsed
it, they also released their co-surety, Yarbrough, from
liability on the note. Yarbrough was entitled to the
right, upon the payment of the note by him, against
his cosureties to contribution. This right of contribu-
tion was destroyed when the transfer was made without
recourse. The character of the obligation, in so far as

[B⌣⌣ ⌣⌣ v. Smith.]

Yarbrough is concerned, was materially changed, and, upon every principle of law, Yarbrough was discharged.

2. The above principles, however, do not affect the liability of Smith, the principal debtor. The signature of the sureties to the note was for his accommodation merely. His obligations to pay the note are now just what they were on the day he made the note. We see no reason why a surety may not buy and have a note, on which he is surety, assigned to him and keep it alive as against his principal. We see no reason why such a surety may not, after such a purchase, bring a suit against the principal and recover judgment thereon just as if he was a stranger to the note. The note, in such a case, evidences, not the surety's debt, but the principal's debt, and there can therefore be no injury to a principal, if such a course is pursued.

We think that the evidence shows conclusively that, when Montgomery and Coffey bought the note and had it transferred to them, they did not pay it, but that, in their hands, before its issuance, it was certainly as between them and the principal, Smith, a binding obligation on Smith.—*Wilkerson v. Daniels, supra; Hopkins v. Farrell & Scott,* 32 N. H. 425; *Davis, Adm'r, v. Stevens,* 10 N. H. 186.

3. The above being our conclusion, it follows that the judgment of the trial court must be reversed, and the cause remanded for further proceedings in the court below.

Reversed and remanded.

McClellan, Sayre, and Gardner, JJ., concur.